MAYHAW CANNING & PRESERVING CO. *v.* COHEN.*

(Division A. April 28, 1924. Suggestion of Error Overruled May 19, 1924.

[99 So. 896. No. 24114.]

1. CORPORATIONS. *Evidence. Indefinite and meaningless subscription paper for stock held not binding, and not to be aided by oral testimony.*

An indefinite and meaningless paper, signed as a purported subscription for one hundred dollars worth of stock in a corporation, which paper does not obligate the subscriber to take and pay for the stock, is not binding, and cannot be aided by oral testimony.

2. FRAUDS, STATUTE OF. *Oral subscription for stock void in absence of performance.*

Under section 4779, Code 1906 (section 3123, Hemingway's Code), an oral subscription for one hundred dollars worth of stock in a corporation is void, where the stock is not delivered nor payment made thereon by the subscribing purchaser.

3. FRAUDS, STATUTE OF. *Oral agreement for corporate stock void, unless paid for or delivered.*

Under section 1591, Code 1906 (section 1358, Hemingway's Code), stock represented by share certificates is a species of personal property, and an oral subscription for more than fifty dollars worth is void under statute of frauds, unless paid for or delivered.

---

*Headnote 1. Corporations, 14 C. J., section 779; Evidence, 22 C. J., section 1460; 2. Frauds, Statute of, 27 C. J., section 264; 3. Frauds, Statute of, 27 C. J., section 264.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Suit by Mayhaw Canning & Preserving Company against I. Cohen. From a judgment sustaining a demurrer to the declaration, plaintiff appeals. Affirmed.

*W. S. Welch,* for appellant.

The only question involved in this case is the sufficiency of a subscription to capital stock of a Mississippi corporation. The Mayhaw Canning & Preserving Company was duly chartered. After organization for a time it was determined to increase the capital to the maximum provided for in its charter. Accordingly a subscription sheet was prepared and a canvass made for stock subscriptions. The appellee wrote his name on the stock subscription sheet and failing to pay his subscription was sued by the corporation for the amount of the stock subscription. The plaintiff won in the justice court and the case was appealed to the circuit court, where a demurrer interposed by the defendant to the plaintiff's declaration was sustained.

If an oral subscription to the capital stock is sufficient and is binding in a case where there is no receipt of a stock certificate by the subscriber, then surely *any* written subscription, no matter how informal, is binding. Therefore, we will consider first the second count to the appellant's declaration.

It was the contention of the appellee in the lower court that an oral subscription to stock is invalid and unenforcible, because of the statute of frauds. A mere glance at the Mississippi statute of frauds will reveal that there is no prohibition against an oral stock subscription, unless payment was to be deferred for one year or more.

For a terse statement of the law governing oral subscriptions, see "Corporations," 14 Corpus Juris, section 776. Numerous authorities are there cited. The case of *Kriger* v. *Hanover National Bank,* 16 So. 351, is not precisely in point except by implication. See also Clephane on Business Corporations, section 56. Helliwell on "Stock and Stockholders," page 64, the following: "When there is no prohibitive regulation, however, there would seem to be no sound reason for deeming an oral subscription to stock invalid, and this is the holding of a majority of the courts." To this effect are *Rutenbeck* v. *Hohn,* 143 Iowa, 13, 121 N. W. 698, 136 Am. St. Rep. 731, and exhaustive note thereto particularly note (b) page 743; 10 Cyc. 391; *Somerset National Banking Company's Receiver* v. *Adams,* 72 S. W. 1125; "Corporations," 5th Dec. Digest, section 76.

We now come to the sufficiency of the writing in the case at bar. Here the authorities are again unanimous that no particular formality is necessary except in those states where statutes have been enacted governing the question. True, parol testimony will not be heard to vary the written instrument, but will be heard to supply anything that is omitted. In the case at bar there is the signature of the subscriber, the amount, and the time of payment. What more could be required?

The case of *Planters' & Merchants' Independent Packet Company* v. *Webb*, 39 So. 562, 144 Ala. 666, seems about as clear an exposition of the law of the case as we have found.

A subscription somewhat like the one at bar was considered in the case of *Dupee* v. *Chicago Horseshow Co.*, 117 Fed. 40, 54 C. C. A. 426. See, also, "Corporations," section 76, et seq., 5th Decennial Digest.

*F. B. Collins,* for appellee.

Appellant filed its declaration alleging that appellee was liable to it upon a contract of subscription which is as follows: "At a recent meeting of the stockholders of the Mayhaw Canning & Preserving Company a report on the operations of the canning factory in canning and curing sweet potatoes was made, which was very satisfactory. In order that the canning factory might have sufficient capital to pack kraut, beans and tomatoes, and to make mayhaw and fig preserves during the spring of 1923, a motion was unanimously adopted that a committee of three be appointed to sell additional stock in the corporation up to the amount authorized, thirty thousand dollars; A. G. Brush, Ernest Graves, and R. K. Coffin were appointed members of said committee.

The showing made during the short time the canning factory operated during the fall indicates the possibilities along this line provided sufficient capital can be secured to can the vegetables indicated above, and install a syrup refining plant.

| *Name* | *Amount* |
|---|---|
| I. Cohen | 100.00—"On demand" |

The only question presented is: Did the court err in sustaining appellee's demurrer?

The alleged contract is not a contract at all because the terms of the alleged contract do not import a sale and do not contain all the essential parts sufficient to make a bargain and sale without resort to parol testimony and therefore, comes within the statute of frauds. *Redus* v. *Holcomb,* 27 So. 524.

The alleged contract under consideration does not contain sufficient elements to make a contract for the payment of the amount here sued for, that can be binding on appellee. It does not contain, first, any promise on the part of the appellee to pay. Second, it does not show any consideration passing or to be passed to appellee for the amount it is alleged he agreed to pay, one hundred dollars, etc. It is therefore too vague and indefinite to make it a contract from the terms of which the intentions and obligations of the parties thereto could be determined, and these deficiencies cannot be supplied by a resort to parol evidence. *Willis* v. *Ellis*, 98 Miss. 197, 53 So. 498.

Counsel for appellant says that this does not come within the statute of frauds and that a parol contract or an oral contract would have been sufficient to bind the appellee in the instant case. Counsel is in error, for it seems to us that it falls clearly within the provisions of section 3123, Hemingway's Code, section 4779, Code 1906.

HOLDEN, J., delivered the opinion of the court.

The Mayhaw Canning & Preserving Company, a corporation, sued the appellee, I. Cohen, for one hundred dollars claimed to be due appellant corporation as a subscription for certain shares of its capital stock. The declaration contains two counts, one alleging that Cohen subscribed in writing for the stock, and the other claiming that he subscribed orally for the stock, and that he failed to pay the one hundred dollars and receive the stock certificate. From a judgment sustaining a demurrer to the declaration, this appeal was taken.

The contention of the appellant is that Cohen was bound by the written subscription for the stock, but that, if the alleged written subscription is not sufficient to bind him, then his oral obligation to purchase the stock is sufficient to hold him for the amount of the subscription. There was no delivery of the stock in whole or in part, nor was there any payment made thereon, nor security given for the purchase.

The appellee takes the position that the written instrument claimed to be a subscription for the stock is so indefinite as to be void for the purpose claimed; and, second, that the oral obligation to purchase the stock was void under the statute of frauds.

We have fully examined the written instrument claimed to be a subscription by Cohen for the stock in the corporation, and we are convinced that it is not an obligation on the part of Cohen to purchase the stock or anything else. There is so use to quote this instrument, because it is obviously not an agreement to purchase the corporate stock.

The paper signed by Cohen is so indefinite and meaningless that it cannot be considered an obligation of any kind whatever. It did not bind Cohen to take and pay for the amount of stock appearing opposite his name thereon. The paper is too indefinite to be aided by oral testimony so as to breathe sufficient life into it to constitute it a written obligation to purchase the stock.

The alleged oral subscription or agreement of Cohen to purchase the stock is void, because in violation of our statute of frauds (section 3123, Hemingway's Code [section 4779, Code 1906]).

The corporate stock, represented by share certificates, orally subscribed for and to be delivered to the purchaser, was a species of personal property (see section 1591, Code 1906 [section 1358, Hemingway's Code]) and was over fifty dollars in value, and, since there was no delivery in whole or in part, nor payment made thereon, nor security given therefor, the contract was void.

In view of these conclusions, the judgment of the lower court is affirmed.

*Affirmed.*